IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3047-FL

| | |
|---|---|
| ANTHONY HOOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. LEWIS; ALVIN W. ) | |
| KELLER, JR.; ROY COOPER; FAYE E. ) | |
| DANIELS; AND THOMAS J. KEITH, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. The matter also is before the court on plaintiff's motion to appoint counsel (DE # 4), motion for pre-trial evidentiary hearing (DE # 5), April 18, 2011, motion for addendum (DE # 7), motion for "judicial and jurisdiction for subject matter jurisdiction and personal jurisdiction" (DE # 9), motion for chapter 101 records and reports (DE # 10), and July 22, 2011, motion for addendum (DE # 14), which this court construes as a motion to amend his complaint. These matters are ripe for adjudication.

The court first considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739

F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

The court next considers plaintiff's motions to amend his complaint, which he submitted in the form of an April 11, 2011, pleading captioned "motion for pre-trial evidentiary hearing" (DE # 5) and a July 22, 2011, motion for addendum. Plaintiff states that he seeks to amend his complaint to clarify his claims. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his first motion to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading. Therefore, plaintiff's first motion to amend is granted as a matter of course. The court additionally allows plaintiff's second motion to amend.

The court turns to its frivolity review of plaintiff's complaint and amended complaints. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325

(1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Robert C. Lewis, Alvin W. Keller, Jr., Roy Cooper, Faye E. Daniels, and Thomas J. Keith. Plaintiff alleges in his original complaint that he is actually innocent of his conviction for first degree rape. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Rankin v. Cranford, No. 5:03CV99-2-V, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to Heck), aff'd, 142 F. App'x 166 (4th Cir. Aug. 25, 2005). Plaintiff's conviction has not been reversed, expunged, declared invalid, or called into question. Accordingly, he is unable to meet the Heck requirements, and this claim is DISMISSED without prejudice.

3

In addition to his challenge to his first-degree rape conviction, plaintiff, in his first and second amended complaints, alleges that his constitutional rights have been violated. Plaintiff makes conclusory allegations of discrimination, deliberate indifference to his medical needs, and interference with his legal mail. Plaintiff, however, does not state which defendants violated his constitutional rights, the facts to support his alleged constitutional violation, or the injury he suffered as a result of the alleged conduct. Accordingly, plaintiff may particularize his complaint to specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). Plaintiff further is reminded that his amended complaint will constitute the complaint in its entirety, and the court will not review prior pleadings to extract any potential claim.

As for plaintiff's remaining motions, his April 18, 2011, motion for addendum appears to be a request to consolidate this action with another action he filed in this court, Marshall v. Perdue, No. 5-11-CT-3068-F (E.D.N.C. July 11, 2011).[1] However, plaintiff's other action was dismissed on July 11, 2011. Thus, his request to consolidate these actions is DENIED. Plaintiff's motion "for judicial and jurisdiction for subject matter jurisdiction and personal jurisdiction" and his motion for Chapter 101 records and reports are nonsensical and likewise DENIED.

In summary, plaintiff's motions to amend (DE #s 5 and 14) are GRANTED. However, plaintiff's motion to appoint counsel (DE # 4), April 18, 2011, motion for addendum (DE # 7), motion

---

[1] Plaintiff filed this action with a co-plaintiff, Charles Marshall.

4

for "judicial and jurisdiction for subject matter jurisdiction and personal jurisdiction" (DE # 9), and motion for chapter 101 records (DE # 10) are DENIED. Further, the court dismisses without prejudice plaintiff's claim challenging his first-degree rape conviction. The court further allows plaintiff fourteen (14) days to particularize his complaint as set forth above. The court will conduct a frivolity review of plaintiff's pleading upon receipt of plaintiff's amended complaint. Failure to comply with this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 27th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5

Case 5:11-ct-03047-FL Document 17 Filed 09/28/11 Page 5 of 5